**Raymond EAMES, Plaintiff-Appellant,**

**v.**

**Sargent PITCHER, Jr., District Attorney, et al., Defendants-Appellees.**

**No. 72-2628**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Oct. 27, 1972.

R. Judge Eames, Murphy W. Bell, Robert C. Williams, Baton Rouge, La., for plaintiff-appellant.

Cheney Joseph, Ralph Roy, Asst. Dist. Attys., Baton Rouge, La., for defendants-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM.

Appellant is under Louisiana indictments for murder in connection with the death of two police officers who were shot and killed, along with other persons, during an altercation in Baton Rouge. Relying on civil rights jurisdiction in the context of assertions that appellant is black and that the altercation or confrontation with police grew out of a peaceable assembly where he and others were discussing their grievances, he sought injunctive relief against being prosecuted for murder. The claim is that the indictments against appellant for murder were in bad faith and designed to harass him by charging a nonbailable offense rather than charging him with rioting, a bailable offense.

After a full evidentiary hearing (twelve witnesses including the foreman of the grand jury), the district court, 344 F.Supp. 207, concluded that appellant had not demonstrated a cause of action under Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), through a showing of a bad faith prosecution designed to harass with no real

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

expectation of securing a valid conviction. We agree. The case is controlled by Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), in that the proof did not reach the irreparable injury level which is there required.[1]

Affirmed.

---

1. The district court, out of an abundance of caution, made an in camera examination of the state grand jury proceedings, and concluded, as an additional basis for denying relief, that there was an ample basis for the indictments.